UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JUDITH BEEBE and WALTER BEEBE, | Case No. 2:15-CV-2164 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| NEW PENN FINANCIAL, LLC d/b/a SHELLPOINT MORTGAGE SERVICING, | |
| Defendant(s). | |

Presently before the court is defendant New Penn Financial LLC d/b/a Shellpoint Mortgage Servicing's motion to dismiss. (ECF No. 5). *Pro se* plaintiffs Walter and Judith Beebe filed a response (ECF No. 8), and defendant filed a reply. (ECF No. 9).

**I.   Background**

This is a residential real estate action. Plaintiffs obtained a loan to acquire a property located at 38 East Serene Avenue in Las Vegas, Nevada. Defendant is the current servicer of the loan, which appears to be in default, based on the allegations in the complaint. Plaintiffs allege that prior to defendant becoming the servicer of their loan, they had been working with the prior servicer to find a "home retention solution."

They allege that once they were notified that defendant was the new servicer of their loan, they "continued [their] quest for a home retention solution." (ECF No. 1 at 2). Plaintiffs allege they "listed the property for a "short sale" with the [d]efendant . . . [and] without exception have worked with the current servicer to attempt a successful sale of" the property. (*Id.*) They allege that no "decision" has been rendered, although it is not clear what decision they are referring to.

**James C. Mahan**
**U.S. District Judge**

They also allege that the servicer has "forwarded foreclosure documentation" and contacted them in "foreclosure collection attempts."[1]

Plaintiffs allege three causes of action against defendant: (1) quiet title, (2) violation of Nevada Revised Statute ("NRS") 107.530, and (3) intentional misrepresentation. Plaintiffs seek injunctive relief,[2] monetary damages, and a determination of their rights in the property. Defendant argues that plaintiffs have failed to allege sufficient facts to support any of the claims.

## II.   Legal Standard

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citation omitted). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id*. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id*. at 1949. Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id*. at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id*. at 1949.

---

[1] Plaintiffs also allege that defendant has been unresponsive to "several debt validity attempts," but do not bring a cause of action related to those allegations.

[2] Plaintiffs also filed a motion for preliminary injunction. (ECF No. 3). Because the court now dismisses plaintiffs' complaint in its entirety, the motion is moot and thus denied.

**James C. Mahan**
**U.S. District Judge**

- 2 -

Where the complaint does not "permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not shown, that the pleader is entitled to relief." *Id.* (internal quotations and alterations omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated,

> [f]irst, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### III. Discussion

The court will address the sufficiency of the pleadings for each of plaintiffs' causes of action in turn.

  A. *Quiet title*

Under Nevada law, a quiet title action may be brought by someone who claims an adverse interest in property. N.R.S. § 40.010. In a quiet title action, "the burden of proof rests with the plaintiff to prove good title in himself." *Nebab v. Bank of Am., N.A.*, No. 2:10-CV-01865-KJD, 2012 WL 2860660, at *5 (D. Nev. July 11, 2012) (quoting *Breliant v. Preferred Equities Corp.*, 112 Nev. 663, 918 P.2d 314, 318 (Nev.1996)). Specifically, when an adverse claim exists, the party seeking to have another party's right to property extinguished, must overcome the "presumption in favor of the record titleholder." *Breliant v. Preferred Equities Corp.,* 112 Nev. 663, 918 P.2d 314, 318 (Nev.1996) (citing *Biasa v. Leavitt,* 101 Nev. 86, 692 P.2d 1301, 1304 (Nev.1985).

In addition, any action to quiet title brought by a mortgagor requires the plaintiff to allege that he has paid any debt owed on the property. *See Nebab*, 2012 WL 2860660, at *5; *Olarte v. DHI Mortgage*, No. 2:13-CV-0044-LDG-PAL, 2013 WL 5492694, at *2 (D. Nev. Sept. 27, 2013);

**James C. Mahan**
**U.S. District Judge**

- 3 -

*Fuleihan v. Wells Fargo*, No. 2:09-CV-1877-RCJ-PAL, 2010 WL 3724186, at *5 (D. Nev. Sept. 15, 2010), (aff'd sub nom. *Fuleihan v. Wells Fargo Bank, NA*, 476 F. App'x 687 (9th Cir. 2012)).

Here, plaintiffs allege that they "acquired [the property] through a loan . . . originated on or about March 19, 2007." (ECF No. 1 at 2). The complaint does not contain any allegation that the debt from that loan has been discharged. (*See id.*) In fact, the allegations it does contain relate specifically to plaintiffs' disputes with their loan servicer, demonstrating that the loan has not in fact been paid and implying it is instead in default. (*See id.*)

Plaintiffs have thus failed to meet the requirements to bring a quiet title action. *See Nebab*, 2012 WL 2860660, at *5. Their quiet title claim is therefore dismissed without prejudice.

  B. *Violation of NRS 107.530*

NRS 107.530 governs homeowners' applications for foreclosure prevention alternatives. Once the borrower submits such an application, NRS 107.530(1) prevents a lender or mortgage servicer from initiating a judicial foreclosure action, recording a notice of default or notice of sale, or conducting a trustee's sale until one of the following has occurred.

> (a) The borrower fails to submit all the documents or information required to complete the application within 30 calendar days after the date of the initial acknowledgment of receipt of the application sent to the borrower pursuant to NRS 107.520.
>
> (b) The mortgage servicer, mortgagee or beneficiary of the deed of trust makes a written determination that the borrower is not eligible for a foreclosure prevention alternative, and any appeal period pursuant to subsection 5 has expired.
>
> (c) The borrower does not accept a written offer for a foreclosure prevention alternative within 14 calendar days after the date on which the offer is received by the borrower.
>
> (d) The borrower accepts a written offer for a foreclosure prevention alternative, but defaults on, or otherwise breaches the borrower's obligations under, the foreclosure prevention alternative.

N.R.S. § 107.530(1). NRS 107.560 provides a cause of action for injunctive relief for, *inter alia*, violations of NRS 107.530.

Plaintiffs allege that after their original servicer denied their application for a "home retention solution" because the servicer was no longer servicing the loan, they attempted to work with defendant on a foreclosure alternative. They claim that they "have worked with the current

**James C. Mahan**
**U.S. District Judge**

- 4 -

servicer to attempt a successful sale of the above mentioned [p]roperty . . . ." They assert, however, that no decision has been rendered." (ECF No. 1 at 2).

Contrary to defendant's arguments, plaintiffs do allege that they submitted an application for a foreclosure prevention alternative. Plaintiffs allege that they "list[ed their] home for a "short sale" with the [d]efendants [sic]." A short sale is explicitly included in the statutory definition of a "foreclosure prevention alternative." *See* N.R.S. § 107.420 ("'Foreclosure prevention alternative' means a modification of a loan secured by the most senior residential mortgage loan on the property or any other loss mitigation option. The term includes, without limitation, a sale in lieu of a foreclosure sale . . . ."). Plaintiff does not, however, allege that the application was complete or that it submitted "all the documents or information required to complete the application." N.R.S. § 107.530(1).

Moreover, defendant is correct that the plaintiffs have not alleged that defendant commenced a judicial foreclosure action, recorded a notice of default or notice of trustee's sale, or otherwise conducted a foreclosure sale. They claim that defendant "forwarded foreclosure documentation" and contacted plaintiffs in "foreclosure collection attempts."

"Section 107.530(1) on its face . . . prohibits [only] the filing of a judicial foreclosure action, the recordation of a notice of default or a notice of sale, or the conduct of a trustee's sale while the modification application is pending." *Valerio v. PNC Mortgage*, No. 2:15-CV-00234-RCJ, 2015 WL 3938424, at *3 (D. Nev. June 25, 2015). The statute does not prohibit a servicer from communicating with the borrower about a potential foreclosure. Instead, it prevents the servicer from actually initiating or conducting a foreclosure. There is no allegation in the complaint that defendant did either of those things.

Plaintiffs' allegations about foreclosure documentation are insufficient to state a claim for injunctive relief under NRS 107.530 and 107.560. Violation of NRS 107.530 is predicated upon a defendant conducting or initiating some form of foreclosure sale. There is no allegation that this has occurred here. Plaintiffs' claim for violation of NRS 107.530 is therefore dismissed without prejudice.

**James C. Mahan**
**U.S. District Judge**

- 5 -

     *C.*     *Intentional misrepresentation*

Finally, plaintiffs bring a claim against defendant for intentional misrepresentation. To state a claim for intentional misrepresentation—or fraud—under Nevada law, a plaintiff must sufficiently plead (1) a false representation made by the defendant; (2) defendant's knowledge or belief that the representation is false or insufficient basis for making the representation; (3) defendant's intention to induce the plaintiff to act or to refrain from acting in reliance upon the misrepresentation; (4) plaintiff's justifiable reliance upon the misrepresentation; and (5) damages. *Bulbman, Inc. v. Nevada Bell*, 108 Nev. 105, 111, 825 P.2d 588, 592 (1992).

Plaintiff fails to allege any of those elements here. (*See* ECF No. 1). With respect to their fraud claim, plaintiffs' complaint contains only the conclusory allegation that "[defendant is] attempting to derive a clear title to foreclose or execute property through fraud." (*Id.*) Plaintiffs do not identify a single misrepresentation, let alone sufficiently plead defendant's knowledge of the misrepresentation or their own inducement or reliance. (*See id.*)

Plaintiffs have thus failed to state a claim for intentional misrepresentation. The claim is therefore denied without prejudice.

## IV. Conclusion

Defendant's motion to dismiss is granted. The complaint is dismissed in its entirety without prejudice. All other pending motions are denied as moot.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant New Penn Financial LLC d/b/a Shellpoint Mortgage Servicing's motion to dismiss (ECF No. 5) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that the complaint (ECF No. 1) be, and the same hereby is, DISMISSED without prejudice.

IT IS FURTHER ORDERED that plaintiffs Walter Beebe and Judith Beebe's motion for preliminary injunction (ECF No. 3) be, and the same hereby is, DENIED as moot.

**James C. Mahan**
**U.S. District Judge**

- 6 -

IT IS FURTHER ORDERED that defendant New Penn Financial LLC d/b/a Shellpoint Mortgage Servicing's motion to compel discovery responses (ECF No. 15) be, and the same hereby is, DENIED as moot.

IT IS FURTHER ORDERED that defendant New Penn Financial LLC d/b/a Shellpoint Mortgage Servicing's motion to extend time (ECF No. 16) be, and the same hereby is, DENIED as moot.

The clerk shall enter judgment and close the case.

DATED July 6, 2016.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**